LISA KELLEY,                              )
                                         )
    Plaintiff,                           )
                                         )
    v.                                   )
                                         )    Case No. 10-cv-1080
CHAC, INC.; QUADEL CONSULTING            )
CORPORATION, INC.; and THE               )    Judge John W. Darrah
UNITED STATES DEPARTMENT OF              )
URBAN DEVELOPMENT,                       )
                                         )
    Defendants.                          )
                                         )
                                         )
                                         )

## **MEMORANDUM OPINION AND ORDER**

Plaintiff, Lisa Kelley, brought suit against Defendants, Chicago Housing Choice

Voucher Program ("CHAC"), The United States Department of Housing and Urban

Development ("HUD"), and Quadel Consulting ("Quadel"). Before the Court is

Defendants CHAC and Quadel's Motion to Dismiss Plaintiff's Amended Complaint.[1]

### **BACKGROUND**

Kelley filed a two-count Complaint on February 17, 2010, alleging retaliation and

breach of contract in violation of 42 U.S.C. § 1981 against the Defendants. The Court

granted Defendants' Motion to Dismiss Kelley's Complaint on November 17, 2010;

Plaintiff's counsel failed to appear. On December 14, 2010, the Court granted Plaintiff's

---

[1] For the purposes of this Motion, "Defendants" will refer only to CHAC and
Quadel. HUD filed a separate Motion to Dismiss, which was granted. *See* 4/14/11
Order.

motion to vacate the Court's 11/17/10 Order and granted Plaintiff leave to file an Amended Complaint. On January 7, 2011, Plaintiff filed a one-count Amended Complaint, alleging "Abuse of Discretion." The following summary of Plaintiff's claim is taken from Plaintiff's Amended Complaint.

Kelley became a recipient of the Chicago Housing Voucher Program on April 20, 1985. In July 2008, Plaintiff submitted a request to transfer out of her rental unit to another rental unit within DuPage Housing Authority. From July 2008 to October 2009, Kelley experienced administrative delays in processing her transfer request. On October 20, 2009, Kelley visited the CHAC office in Chicago in order to address the processing delays. During this visit, Kelley allegedly made threatening comments to CHAC personnel. On March 3, 2010, Kelley appeared before the CHAC for a hearing to determine whether she should be terminated from the housing voucher program. On April 30, 2010, CHAC issued a Notice of Informal Hearing Decision terminating Plaintiff from the Chicago Housing Choice Voucher Program based on Plaintiff's threats against CHAC personnel, which were a violation of CHAC's rules ("CHAC Decision"). (Pl.'s Am. Compl. Ex. A.)[2]

In her Amended Complaint, Plaintiff requests that the Court reverse CHAC's April 30, 2010 decision and award her money damages arising from the alleged administrative actions of CHAC.

---

[2] The Court may take judicial notice of the 4/30/10 CHAC Decision. *See Anderson v. Simon*, 217 F.3d 472, 474-75 (7th Cir. 2000).

## LEGAL STANDARD

A motion under Rule 12(b)(6) challenges the sufficiency of the complaint. *Christensen v. County of Boone*, 483 F.3d 454, 458 (7th Cir. 2007). Under the federal notice pleading standards, "a plaintiff's complaint need only provide a short and plain statement of the claim showing that the pleader is entitled to relief, sufficient to provide the defendant with fair notice of the claim and its basis." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (internal quotations omitted). When considering a motion to dismiss under Rule 12(b)(6), the complaint is construed in the light most favorable to the plaintiff; all well-pleaded factual allegations are accepted as true, and all reasonable inferences are construed in the plaintiff's favor. *Id.* However, a complaint must allege "enough facts to state a claim to relief that is plausible on its face" to survive a motion to dismiss. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007). For a claim to have facial plausibility, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). Thus, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Further, the amount of factual allegations required to state a plausible claim for relief depends on the complexity of the legal theory alleged. *Limestone Dev. Corp. v. Village of Lemont*, 520 F.3d 797, 803 (7th Cir. 2008).

## ANALYSIS

Defendants argue that Kelley's Amended Complaint should be dismissed because it is time-barred and because it fails to state a claim pursuant to Rule 12(b)(6). First,

Defendants argue that the appropriate method of review for municipal administrative decisions is filing a common-law writ of *certiorari* in state court. Defendants are correct. The CHAC operates under the Illinois Housing Authorities Act. 310 ILCS 10/1 *et seq.* The Illinois Housing Authorities Act did not adopt the Administrative Review Law. *See Landers v. Chicago Housing Authority*, 404 Ill. App. 3d 568, 571 (1st Dist. 2010) (*Landers*). Therefore, the appropriate vehicle for review is a common-law writ of *certiorari. Landers*, 404 Ill. App. 3d at 571; *Gaffney v. Board of Trustees of Orland Fire Protection Dist.*, 397 Ill. App. 3d 679, 683 (1st Dist. 2009) ("[W]hen the enabling statute does not adopt the Administrative Review Law and provides no other method for reviewing the agency's decision, then the writ of common law *certiorari* survives as an available method of review."). A plaintiff seeking to challenge an agency's administrative decision must file a common-law writ of *certiorari* in state court within six months of the date of the administrative agency's decision, unless a reasonable excuse for delay has been shown. *Wal-Mart Stores, Inc. v. Industrial Com'n*, 324 Ill. App. 3d 961, 966 (1st Dist. 2001) (citing *Connolly v. Upham*, 340 Ill. App. 387, 391 (1st Dist.1950)).

Plaintiff failed to file a common law-writ of *certiorari* within six months of the CHAC Decision. Even if Plaintiff's Amended Complaint had been filed in this Court within the six-month period, this Court is not the forum for challenging the CHAC Decision. *See Holstein v. Chicago*, 803 F. Supp. 205, 211 (N.D. Ill. 1992). That Plaintiff should have filed a petition in the Circuit Court of Cook County should not be news to Plaintiff as the CHAC Decision explicitly states: "If you believe that this decision is

contrary to CHCVP's policies and procedures or HUD rules and regulations, your only recourse is to file a petition with the Circuit Court of Cook County." (Pl.'s Am. Compl., Ex. A.) In light of the clear requirement to file a petition in Cook County court challenging the 4/30/10 CHAC Decision, there was no reasonable basis for Plaintiff not to do so. Accordingly, Plaintiff's Amended Complaint is time-barred because Plaintiff failed to file a writ of *certiorari* in the Cook County court within six months, as required.

Defendants also argue that Plaintiff has not established a statutory or regulatory provision that provides her with a private right of action. Although it is not clear from Plaintiff's Amended Complaint, Plaintiff appears to be seeking relief under 24 C.F.R. § 982.552(c)(1), which sets out factors that the CHAC considers when deciding whether to terminate housing assistance based on conduct by participants in the program. 24 C.F.R. § 982.552(c)(1) does not provide a private right of action. A federal statutory provision provides for an implied cause of action only where the statutory provision "manifests an intent 'to create not just a private *right* but also a private *remedy*.'" *See Gonzaga v. Doe*, 536 U.S. 273, 284 (2002) (*Gonzaga*); *Dersch Energies, Inc. v. Shell Oil Co.*, 314 F.3d 846, 857 (7th Cir. 2002) ("[I]n evaluating whether a statute contains a private right of action . . . [t]he judicial task is to interpret the statute Congress has passed to determine whether it displays an intent to create not just a private right but also a private remedy.") To sufficiently state a cause of action under 42 U.S.C. §§ 1437a and 1437d and 24 C.F.R. § 966.4(h), plaintiff must establish a "violation of a federal right, not merely a violation of federal law." *See Blessing v. Freestone*, 520 U.S. 329, 340 (1997) (*Blessing*). Under *Blessing*, in determining whether a statute creates a federal

5

right, certain factors are considered: there must have been a congressional intent to confer individual rights, the right asserted must not be "vague or amorphous," and the right must be set forth in mandatory terms. *Blessing*, 520 U.S. at 340-341. Moreover, the statute creating a federal right must unambiguously impose a binding obligation on states. *Id.* Here, neither the United States Housing Act nor the enabling act of the CHAC (the Illinois Housing Authorities Act) establishes a private right of action.

*See Gavin v. Chicago Housing Authority*, No. 93-3252, 1995 WL 258105, at *2 (7th Cir. May 1, 1995) (noting that parties conceded that "no private right of action exists under the United States Housing Act"); *Thomas v. Chicago Housing Authority*, 981 F. Supp. 558, 561-62 (N.D. Ill. 1997) (noting that the enabling act for Illinois public housing authority does not create a private right of action). Plaintiff argues that *Gaston v. CHAC, Inc.*, 375 Ill. App. 3d 16 (1st Dist. 2007) (*Gaston*), supports her right to a private right of action. Plaintiff's reliance on *Gaston* is misplaced. In *Gaston*, each of the plaintiffs filed a petition for writ of *certiorari* challenging a CHAC decision in state court, as Plaintiff should have done in her case. *Id.* at 19, 22. *Gaston* provides no support for Plaintiff's argument that she is entitled to a private right of action based on her termination from CHAC. As discussed above, Plaintiff's proper avenue to challenge the CHAC Decision, as the Decision itself states, was to file a petition with the Circuit Court of Cook County. Accordingly, to the extent Plaintiff asserts a private right of action under the above-mentioned federal statutes or regulation for being terminated from CHAC, Kelley's Amended Complaint fails to state a claim under Rule 12(b)(6).

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss is granted. Because the Court has also granted HUD's Motion to Dismiss, Plaintiff's Amended Complaint is dismissed as to all Defendants with prejudice.

Date:     April 14, 2011

JOHN W. DARRAH
United States District Court Judge